UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JOHN PAUL and LAURA GATES,<br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | Civil Action NO. BY _____ LAW<br>5:18-cv-144 DEPUTY CLERK<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiffs John Paul and Laura Gates (collectively referred to as "Plaintiffs"), husband and wife, upon personal knowledge as to the facts pertaining to them and upon information and belief as to all other matters, and based on the investigation of counsel, brings this complaint against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Plaintiffs have exhausted their administrative remedies under the FTCA by filing the required form with Defendant and having their claims denied. See Ex. A (Plaintiffs' Administrative Claim, excluding exhibits) and Ex. B (Denial of Claim letter).

Plaintiff demands a trial by jury, and alleges as follows:

## NATURE OF ACTION

1. Plaintiff John Paul brings this FTCA claim for medical malpractice and negligent medical care by treating physicians at the Community Health Centers of Rutland, Inc., a federally qualified health care facility funded by the United States government. Plaintiff Laura Gates, John's wife, brings a claim for loss of consortium based on the same underlying facts.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

1

## JURISDICTION AND VENUE

2. This Court has exclusive jurisdiction over Plaintiffs' claims for money damages for personal injury pursuant to 28 U.S.C. § 1346(b)(1). Plaintiffs invoke this Court's jurisdiction and bring this claim within 60 days of the denial of the denial of their administrative claim with the Department of Health and Human Services.

3. Venue is proper as the Plaintiffs reside in this district, and the acts complained of occurred in this district. 28 U.S.C. § 1402(b).

## PARTIES

4. Plaintiff John Paul (hereinafter referred to as "Plaintiff"), is a resident of Shrewsbury in Rutland County, Vermont. He brings this action on his own behalf for injuries caused by the negligence of RCHC and its employees.

5. Plaintiff Laura Gates (hereinafter referred to as "Plaintiff Gates"), is the wife of Plaintiff John Paul, and is a resident of Shrewsbury in Rutland County, Vermont. She brings this action on her own behalf for injuries caused by the negligence of RCHC and its employees.

6. Defendant United States of America ("Defendant") is sued for Plaintiffs' personal injuries caused by the negligent or wrongful acts and omissions of its employees at the Community Health Centers of the Rutland Region, Inc., (d/b/a/ Rutland Community Health Center and hereinafter referred to as "RCHC"). RCHC is a federally qualified health center that is funded under the Health Center Program, section 330 of the Public Health Service Ace, 42 U.S.C. § 254b, as amended. Defendant's employees, the doctors and medical professionals who treated Plaintiff, were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiffs in accordance with the laws of the State of Vermont. See 28 U.S.C. § 1346(b).

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

2

## FACTUAL ALLEGATIONS

5. On or about July 16, 2015, Plaintiff presented at RCHC with symptoms of ankle pain, swelling, and stiffness in his left foot and ankle. The cause of this injury was work-related: a full keg of beer had fallen on Plaintiff's left foot and ankle.

6. Plaintiff was treated by Defendant's employee Dr. Matthew Kingsbauer, D.O., who ordered an x-ray of Plaintiff's left ankle, but not of his entire left foot. Dr. Kingsbauer initially concluded that the x-ray was negative for a fracture or dislocation. Dr. Kingsbauer advised Plaintiff to rest, ice and wrap the foot, and use NSAIDs for pain relief.

7. Plaintiff followed Dr. Kingsbauer's instructions, and did not return to work to give his foot time to heal. However, Plaintiff's foot continued to be swollen and very painful.

8. Seeing no improvement in his condition, Plaintiff returned to RCHC on July 22, 2015, and was seen by Defendant's employee physician assistant Christopher S. Masillo. The recommendation was to continue with ice and rest.

9. Plaintiff returned again to RCHC on August 3, 2015 for a follow-up. He reported continued ankle pain, swelling, decreased range of motion and difficulty bearing weight. He was seen by Defendant employee physician assistant Timothy J. Lensing, who recommended he stay out of work for another week, and continue to rest and ice his foot.

10. Plaintiff continued to experience pain, swelling, and difficulty bearing weight on his left foot. He returned to RCHC on August 18, 2015, August 21, 2015, August 27, 2015, and September 15, 2015, reporting each time that his foot was not improving.

11. At none of these follow-up visits did any of Plaintiff's treating providers recommend or order additional further x-rays or scans of Plaintiff's foot to confirm there was no fracture.

12. Upon information and belief, Plaintiff inquired at the September 15, 2015 visit if he should have another x-ray of his foot, and was told this was not necessary.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

3

13. Plaintiff again returned to RCHC on September 22, 2015, complaining of continued pain in his left foot and ankle, swelling, and difficulty bearing weight. He was treated at this visit by Defendant employee physician assistant Matthew E. Stevens.

14. Despite noting that the pain and swelling continued two months after the injury, P.A. Stevens instructed Plaintiff to attend physical therapy for his foot. No further x-ray, MRI, or other scans were ordered prior to ordering Plaintiff to physical therapy.

15. Plaintiff, on his treating doctors' orders, undertook a course of physical therapy on his foot. His condition did not improve, and after several weeks of continued pain, swelling, limited range of motion and difficulty bearing weight, the physical therapist advised Plaintiff to obtain follow up x-rays.

16. Plaintiff returned to RCHC on January 19, 2016, and P.A. Lensing ordered another x-ray of his left foot. P.A. Lensing noted abnormalities of the anterior talus and navicular bone, and upon reviewing the initial x-ray from July 2015, further noted that "there did appear to be a small fragment over the navicular bone …." He further noted "significant" and "destructive" changes in Plaintiff's talus since the initial x-ray. He ordered Plaintiff to ice and elevate his foot, and ended his physical therapy.

17. A further x-ray and CT scan of Plaintiff's left foot and ankle showed significant degenerative changes of the navicular bone and extensive damage to the talonavicular joint.

18. On February 25, 2016, Plaintiff underwent a double arthrodesis surgery on his foot that required the fusion of four bones and three staples put into his foot.

19. Plaintiff has healed slowly from his double fusion, with further complications stemming from the level of damage to the bones in his foot that required an additional surgical repair. Currently, over three years' post-injury and 19 months' post-surgery, he has been unable to return to work and was terminated from his job.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

20. Plaintiff will likely never recover full use of his left foot. He has a high likelihood of future surgeries, and the required use of braces and other walking aids. He cannot walk any distance without the use of his brace. He has been unable to return to his former job. He is unlikely to ever recover full use of his foot, and will suffer pain, disfigurement, limited movement, and loss of income for the rest of his life.

## COUNT I
## MEDICAL MALPRACTICE (PUSUANT TO FTCA - 28 U.S.C. § 1346(b)(1))

21. The allegations of paragraphs 1 through 20 are incorporated by reference as if fully stated herein.

22. Defendant's employees named herein who treated Plaintiff for his crush injury to his foot failed in their duty to exercise the degree of ordinary care and skill that is expected of a reasonably careful and skillful general practitioner. See Plaintiffs' Certificate of Merit, attached hereto as Ex. C.

23. In particular, Plaintiff's treating medical professionals at RCHC deviated from the acceptable standard of care in the following ways: (i) by initially ordering an x-ray of only Plaintiff's left ankle, rather than his entire left foot; (ii) by failing to order any follow up x-rays or scans after Plaintiff returned frequently for two months after his injury reporting persistent pain, swelling, and difficulty bearing weight on his left foot; (iii) by ordering Plaintiff to attend physical therapy without first obtaining a follow-up scan to make sure there was no underlying structural problem with Plaintiff's foot; and (iv) by clearing Plaintiff to return to work, and bear significant weight on his injured foot, without first obtaining a follow-up scan to make sure there was no underlying structural problem with Plaintiff's foot.

24. The foregoing acts and omissions of Plaintiff's medical providers at RCHC fell below the acceptable and reasonable standards of care for treating a crush injury to a foot, and caused Plaintiff to suffer extensive and permanent injury to his foot.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

25. If Defendant's employees had acted within the acceptable and reasonable standards of care, Plaintiff's foot fracture would have been detected within two months of injury, would have been treated and the injury would have been significantly less destructive than it has been. Instead, Plaintiff, under care of and upon recommendation of Defendant's employees, returned to work and underwent physical therapy on a fractured foot, resulting in the collapse of his navicular bone and the destruction of the talonavicular joint. These injuries were not present in July 2015 following Plaintiff's original work-related injury. They developed after seven months of misdiagnosis and failure to treat his injury by his treating medical providers.

26. As a direct and proximate result of Defendant's employees' conduct as alleged herein, Plaintiff suffered serious and permanent injuries to his left foot requiring extensive surgical intervention, pain and suffering, lost wages, and permanent disability.

27. Defendant was, at all times material to this matter, the employer of Dr. Kingsbauer, P.A. Lensing, P.A. Masillo, P.A. Stevens, and other medical professionals who treated Plaintiff for his crush injury to his left foot from July 2015 through January 2016.

28. Plaintiff's treating medical professionals, as named herein, were acting in the course of their employment.

29. Defendant is legally and vicariously liable for the negligent conduct of its employees that caused injury and harm to Plaintiff.

## COUNT II: LOSS OF CONSORTIUM

30. Plaintiffs repeat and reallege herein the allegations in paragraphs 1-29 as if set forth in full.

31. Plaintiff Laura Gates has cared for and attended to her husband throughout this period, providing nursing care, taking over household chores, driving, and generally providing supportive care. She has taken time from work to care for and transport him.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

32. Plaintiff Laura Gates has, because of her husband's pain and suffering, and disability, lost the consortium of her spouse throughout this period, and suffered financial loss.

## DAMAGES

33. As a direct and proximate result of Defendant's employees' negligence and failure to follow the applicable standards of care, Plaintiff John Paul suffered a serious injury to his foot that caused him to undergo joint fusion surgery, hospitalization, and substantial medical care.

34. As a direct and proximate result of Defendant's employees' negligence, Plaintiff John Paul has suffered and continues to suffer prolonged and conscious pain and suffering, diminished mobility, and loss of enjoyment of life.

35. As a direct and proximate result of Defendant's employees' negligence, Plaintiff John Paul has incurred medical expenses.

36. As a direct and proximate result of Defendant's employees' negligence, Plaintiff John Paul has been unable to return to work and has suffered lost employment and lost wages.

37. As a direct and proximate result of Defendant's employees' negligence, Plaintiff John Paul will suffer future lost income, future medical expenses, future pain and suffering, and future loss of enjoyment of life.

38. As a direct and proximate result of Defendant's employees' negligence, Plaintiff Laura Gates has suffered and will continue to suffer loss of consortium of her spouse, and she will provide nursing care, driving assistance and household chores as and when he is unable to do so, resulting in a loss of enjoyment of her life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs claim and seek to recover damages in an amount that is fair, just, and adequate as determined by the trier of fact.

7

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

**PLAINTIFFS DEMAND TRIAL BY JURY.**

DATED at South Burlington, Vermont, this ___17___ day of August, 2018.

JOHN PAUL and LAURA GATES

By ___/s/ Mary G. K.___
Mary G. Kirkpatrick, Esq.

Kirkpatrick & Goldsborough, PLLC
1233 Shelburne Rd., Suite E-1
South Burlington, VT 05403
(802) 651-0960

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

8